IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  03-cv-275-JPG |
| ) | |
| DARLENE VELTRI, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to the United States Magistrate Judge Donald G. Wilkerson by District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Writ of Habeas Corpus filed by the plaintiff, Joseph Clark, on April 30, 2003 (Doc. 1).  For the reasons set forth below, it is **RECOMMENDED** that the Petition be **DENIED**, that this case be **DISMISSED WITH PREJUDICE**, and that the court adopt the following findings of fact and conclusions of law:

Findings of Fact

The plaintiff, Joseph Clark, filed this petition for a writ of habeas corpus to challenge the loss of good time credit (GTC) at an internal jail disciplinary committee proceeding.  In January 2002, Clark was sharing a cell with four other inmates.  On January 25, 2002 Clark's cell was searched  and two homemade weapons were recovered from the back of the sink closest to the window.  Clark was written up by Officer James Phillips in an incident report for possession of

weapons.

The prison disciplinary committee referred the matter to a Disciplinary Hearing Officer (DHO).  On January 28, 2002, Clark received written notice of the alleged violation and his rights.  A hearing was held on February 11, 2002 and the DHO found that Clark had committed the violation alleged in the written notice.  Clark lost 40 days of GTC for possession, manufacture or introduction of a weapon.  The report of the DHO was delivered to Clark on February 26, 2002.  On March 1, 2002, Clark filed a Regional Administrative Remedy Appeal.  On April 9, 2002 the Regional Director denied Clark's request for relief, finding that the "decision rendered by the DHO was in accordance with the evidence presented at the hearing."  Clark filed an Administrative Remedy Appeal on April 22, 2002.  On July 5, 2002, the Administrator of the National Inmate Appeals denied Clark's Appeal.

On April 30, 2003, Clark filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1)   Judge Gilbert issued a Memorandum and Order on November 21, 2003 giving respondent 23 days to answer. (Doc.3)   The respondent, Darlene Veltri, the Warden at FCI Greenville, where Clark is incarcerated, filed a Return on December 17, 2003. (Doc. 4).  Clark responded on January 27, 2004  (Doc. 5).   Also on January 27, 2004, Clark filed two affidavits with the Court. (Doc. 7 and 8).  These affidavits were not presented to the DHO.

In his petition, Clark states five grounds for relief.  First, that he was denied due process of law because there was no showing he ever possessed a weapon.  Second, that he is innocent.  Third, that no evidence of constructive possession was presented against him.  Fourth, Clark queries whether two people can possess one item at the same time.  Fifth, that he was denied due process because "constructive possession was not proven by even a preponderance of the

2

evidence."

In her answer, Veltri, states that the Bureau of Prisons (BOP) complied with regulations governing disciplinary proceedings and due process and that Clark is not entitled to relief.  Veltri further states that the BOP complied with the Supreme Court requirement that there be "some evidence" to support the finding that Clark possessed the weapons.  Clark, in his response to Veltri's answer, agrees with Veltri's statement of facts and that the BOP complied with all the regulations that govern disciplinary proceedings.  However, he asserts he was denied due process because "constructive possession was not proven by even a preponderance of the evidence."

Conclusions of Law

Clark is a federal inmate in federal custody who filed his petition for habeas corpus pursuant to 28 U.S.C. § 2241.  Section 2241 allows the district court to grant relief, " inter alia," to a person in custody in violation of the Constitution or laws of the United States.  See  28 U.S.C. § 2241(c)(3).  This is the proper mechanism to use if the prisoner is claiming that, but for the alleged denial of due process at a prison disciplinary hearing  that resulted in the loss of good time credits, he would be released at an earlier date.   See Jackson v. Carlson, 707 F. 2d 943, 946 (7th Cir. 1983).   Thus, Clark's claim is proper under 28 U.S.C. § 2241.

Federal inmates are required to exhaust the administrative remedies available to them. Sanchez v. Miller, 792 F.2d 694, 697 (7th Cir. 1986); Del Raine v. Carlson, 826 F.2d 698, 703 (7th Cir. 1987).   The appropriate procedure a federal inmate must follow to appeal the decision of the DHO is to file an appeal to the Regional Director, then to the National Inmate Appeals Administrator.  28 C.F.R. § 541.19, §542.15.    The Respondent agrees that Clark has exhausted

3

his administrative remedies.  Clark has attached to his habeas petition his appeal to the Regional Director and the response, and his appeal to the National Inmate Appeals Administrator and the response.  Thus, Clark has exhausted his administrative remedies.

When a federal prisoner faces the loss of GTC for misconduct, he is entitled to the minimum procedures appropriate under the circumstances and required by the Due Process Clause of the 5th amendment.  See Henderson v. United States Parole Commission, 13 F.3d 1073, 1077 (7th Cir. 1994).  In Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963 (1974), the Supreme Court first held that the "full panoply of rights due a defendant" as part of a criminal prosecution are not applicable to prison disciplinary proceedings.  418 U.S. at 556, 94 S.Ct. at 2975.  In addition, an inmate does not have the right to the type of due process "designed for free citizens in an open society" or even parolees or probationers.  418 U.S. at 560-561, 94 S.Ct. at 2977.  "Still, prisoners are 'persons' within the meaning of the Due Process Clause and they are therefore protected by that provision."  Henderson, 13 F.3d at 1077.  As part of this minimal Due Process right, there must be:

> 1. "[A]dvance written notice of the claimed violation" at least 24 hours prior to the hearing; and
>
> 2. "[A] written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken" necessary for review; and
>
> 3. The ability of the inmate "to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals."
>
> Wolff, 418 U.S. at 563-567, 94 S.Ct. 2978-2980 (citations omitted).

See also Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445,

454, 105 S.Ct. 2768, 2773 (1985); Henderson, 13 F.3d at 1077.  In addition to these three specific rights, the inmate also has the right to an impartial hearing – a committee that does not run the "hazard of arbitrary decisionmaking that [] [would be] violative of due process of law." Wolff, 418 U.S. at 571, 94 S.Ct. 2982.  Finally, the Supreme Court stated that an inmate *does not have the right* to confront the witnesses against him or the general right to representation.  418 U.S. at 567-568, 570-571, 94 S.Ct. 2980-2982.

The decision of the DHO satisfies due process if it is supported by "some evidence" in the record."  Hill, 472 U.S. at 454-455, 105 S.Ct. 2773-2774.  Due Process only requires "a modicum of evidence to support a decision to revoke good time credit [that] will help to prevent arbitrary deprivations without threatening institutional interest or imposing undue administrative burdens." Hill, 472 U.S. at 455, 105 S.Ct. at 2774.  "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455-456, 105 S.Ct. at 2774.  The Seventh Circuit has held that the DHO's decision will only be overturned if "no reasonable adjudicator could have found the prisoner guilty of the offense charged on the basis of the evidence presented." Jackson, 707 F.2d at 949; Henderson, 13 F.3d 1077.

In this case, Clark and Veltri agree that the BOP complied with the regulations that govern disciplinary proceedings and that he was afforded due process as outlined in Wolff.  Clark nonetheless argues that he did not receive due process because the evidence in the record is insufficient to find him guilty.  He argues that the quantum of proof was not sufficient to

5

prove that he, as opposed to four other people housed in his cell, constructively possessed the weapons seized. (Doc. 5)   At the hearing,  he told the DHO that he was "unaware that the weapons were there or how they got there."   He explained that he was placed  in a five man cell when he first arrived at Greenville.  He was then moved out of that cell for two months and had been returned to that particular cell for only two weeks when the search took place.  The Officer who searched the cell  testified that while searching the sinks in the bathroom, he found two homemade weapons hidden in the back of the sink closest to the window. (Doc. 1, Exhibit B 1-3)  The cell was occupied by Clark.  The only other evidence presented at the hearing was a photograph of the "sharpened instruments" taken by the Officer who searched the cell.    After hearing the evidence, the DHO concluded that Clark was guilty because no inmate in the BOP is allowed to possess or make weapons.  All five inmates assigned to the cell denied knowledge of the weapons.  The DHO concluded that if no person claimed responsibility, all the inmates in the cell would be held responsible. (Doc. 1, Exhibit B, p. 2)  Clark raised other points in his appeal within the prison system that were not raised at his hearing before the DHO.  In his "reply" [response]  (Doc. 5) to Veltri's answer,  Clark presents these  arguments he raised for the first time during the prison appeal process.  Moreover, for the first time in his habeas petition, Clark supplies  the court with affidavits from two inmates (Doc. 7 and 8).  This evidence was not before the DHO and  the Court may only review the evidence  before the DHO.  See Hamilton, 976 F. 2d 341, 345 (7th Cir. 1992).  The Court will not consider these two affidavits or the information and argument raised for the first time on appeal from the decision of the DHO.  Therefore,  Clark argues there is insufficient evidence to find him guilty of constructively possessing the weapons.

Were this a case of first impression, this Court might be swayed by Clark's argument that there is no direct evidence that he was responsible for the weapons, only constructive possession.  All five inmates in the cell were convicted of constructively possessing the weapons because each inmate was assigned to the cell where the weapons were found.  All five inmates denied knowledge and possession.   However, the Seventh Circuit has  interpreted the "some evidence" standard established by the United States Supreme Court in  Hill  in  Hamilton v. O'Leary, 976 F.2d 341 (7th Cir. 1992).    In Hamilton,  a search of the cell that Hamilton shared with three other inmates resulted in the recovery of six weapons deemed to be contraband.  Id. at 343.  All four occupants of the cell were charged with violating prison rules.  Id. at 343.  Hamilton was convicted before a disciplinary committee of possessing weapons and was disciplined.  Hamilton, on appeal,  raised the issue that 32 other inmates had access to the vent where the weapons were recovered.  Id. at 345.  The Seventh Circuit, in dicta,  agreed that if 32 people had access to the vent, that would not constitute the "some evidence" standard elucidated in Hill.   However, the Hamilton court found that because Hamilton had  not raised the 32 people issue during the hearing, it would not consider that evidence.  The Court found that there was "some evidence" to support his guilt because the probability was high that Hamilton was guilty based on the evidence before the committee was that he was one of four people in the cell.  Id at 346.   The Court found that there was a twenty-five percent chance, or a one in four chance that he was guilty.  Id.   The Court held that this was "some evidence" under Hill.  Id.   The fact that evidence could be characterized as meager is irrelevant if the record shows that the finding is not so lacking in "evidence that the findings of the disciplinary board were without support or otherwise  arbitrary."  Hill, 472 U.S. at 457; Hamilton, 976 F.2d. at 346.  This Court is bound by

the result in Hamilton and its analysis.

Based upon the majority decision in Hamilton, this Court finds that the DHO could properly find Clark guilty. The cell which Clark occupied with four other inmates was searched and two weapons were recovered. This amounts to "some evidence." The decision by the DHO was not arbitrary. The Hamilton court found that a one in four chance did not violate the due process clause; it follows, then, that neither does a one in five chance. For these reasons, Clark's petition must fail.

For the foregoing reasons, it is **RECOMMENDED** that the Petition for a Writ of Habeas Corpus filed by the plaintiff, Joseph Clark, on April 30, 2003 be **DENIED** (Doc. 1), that this case be **DISMISSED WITH PREJUDICE**, and that the court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have ten (10) days after issuance of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: May 13, 2005.**

                                            s/ Donald G. Wilkerson
                                            **DONALD G. WILKERSON**
                                            **United States Magistrate Judge**